In the Matter of the Accounting of JEANETTE S. SHIPULE et al., as Cotrustees under the Will of HENRY S. SCHENDEL, Deceased.

Surrogate's Court, Suffolk County, December 16, 1954.

*Terry & Krupski* for cotrustees, petitioners.

*Cadwalader, Wickersham & Taft* for Salvation Army, respondent.

*Robert D. Steefel* for Federation of Jewish Philanthropies of New York, respondent.

HAZLETON, S. Three trustees are accounting in this proceeding. Two of the trustees, Julius Rothschild, and the North Fork Bank and Trust Company, ask to resign, or in the alternative be given instructions in respect to the investment of the funds of the trust because of differences of opinion concerning same. Since filing the account, Julius Rothschild died, thus leaving only two trustees, the widow and the bank. The trust created

under the will, while initially for the benefit of individuals, will ultimately become perpetual charitable trusts for the benefit of the Salvation Army and the Federation of Jewish Philanthropies of New York. The application of the corporate trustee to resign is opposed by both remaindermen.

The alleged differences of opinion between Mrs. Shipule, the decedent's widow, who is interested in the income of this trust estate to the extent of 70% thereof, and the trust company do not appear to be a sufficient reason to warrant the resignation of the duly appointed corporate trustee.

Such differences as have arisen, I am advised, concern the investment policy to be pursued by the trustees with respect to the exercise of the power conferred upon the trustees to retain the " non legal " investments of the testator. With respect to that question, the views of the corporate trustee are entitled to considerable respect both because of its knowledge and experience in the investment field, and the further fact that the corporate trustee is in a position to strike an unbiased balance between the interests of the present income beneficiaries and those ultimately interested in the fund.

Under the circumstances, it seems obvious that the will calls for the administration of the trust by a trust company, which can carry on long after the death of the respective individual beneficiaries. The necessary effect of the retirement of the present corporate trustee will therefore be to burden the estate with the additional expenses involved in the eventual appointment of a substituted corporate trustee to take its place.

In the absence of any allegation in the moving papers that the corporate trustee is disqualified from acting, and of any charge that it is remiss in the performance of its duties, little will be achieved by its retirement, since there can be no assurance that further disagreement between the income-beneficiary-trustee and a different cotrustee will not again arise.

In response to the request for instructions pertaining to investments, the language of the will is so clear that none should be necessary. However, in view of the contretemps, it might be well for the widow to bear in mind that although for her life she enjoys most of the income, the corpus of the trust must be kept intact for the benefit of the two charitable trusts that will receive the income after the widow's death. It appears that the corporate trustee, whose business it is to make investments, is doing its work well, and therefore should be interfered with as little as possible, although suggestions are always in order. As said by Surrogate Henderson in *Matter of Garland* (159 Misc.

333, 336): "However, the corporate trustee owed a greater duty to the decedent than to be pleasant to his family. There would have been no necessity for him to have named the trust company as cotrustee had he desired to have his widow control the trust fund. He had the right to expect that his estate would be handled by the corporate trustee with the diligence and prudence of a reasonable man in the management of his own affairs." I have studied the investment memorandum of the corporate trustee, understand and am sympathetic to the widow's position concerning her income. Nevertheless, it is not my duty to assume the obligation of the trustees in respect to making investments, when the provisions of the will relating to investments are so clear as to need no construction.

The account is approved as filed.

The request of the corporate trustee to resign is denied.

Submit decree accordingly on notice.